UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVONTE ANTONY'O JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-468-J |
| | ) | |
| SCOTT CROW, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, Lavonte Antony'O Johnson, a state prisoner appearing through counsel, brought this action pursuant to 28 U.S.C. § 2254, seeking habeas relief. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B),(C). [Doc. No. 3]. Judge Purcell issued a Report and Recommendation recommending that the Petition for a Writ of Habeas Corpus be denied. [Doc. No. 29]. Petitioner has filed objections to the Report and Recommendation which triggers de novo review. [Doc. No. 31].

Petitioner is currently incarcerated for using a vehicle to facilitate the intentional discharge of a firearm, a crime that falls within the category of crimes commonly referred to as "85 percent" crimes.[1] Initially, Petitioner received a five-year deferred sentence for this crime, but Petitioner's deferred sentence was accelerated for violations of his probation. During the hearing on the State's application for acceleration of Petitioner's deferred sentence, Petitioner asserted that when he changed his plea, his attorneys had not advised him that the crime to which he was pleading guilty

---

[1] Under Oklahoma law, those who commit violent crimes, such as the one to which Petitioner pled guilty, must serve 85% of their sentences before they become eligible for parole. *See* Okla. Stat. tit. 21, § 13.1.

was an 85 percent crime. At that hearing, Petitioner's original attorney, Tony Coleman, testified. The district court found that Mr. Coleman had advised Petitioner about the 85 percent rule, accelerated Petitioner's sentence, and sentenced Petitioner to 27 years of imprisonment.

Thereafter, Petitioner sought to withdraw his guilty plea. During the hearing on the application to withdraw Petitioner's guilty plea, Lorenzo Banks, the associate who had filled out the plea paperwork and appeared with Petitioner to enter his plea, testified. The district court denied the application to withdraw.

Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA), asserting that he did not knowingly and voluntarily enter his plea of guilty, that he received ineffective assistance of counsel, and that his 27-year sentence was excessive. The OCCA held that the district court did not abuse its discretion in determining that Petitioner's plea was knowingly and voluntarily entered, that there was no ineffective assistance of counsel, and that the 27-year sentence was not excessive.

In this habeas action, Petitioner once again asserts that his plea was not knowingly and voluntarily entered and that he received ineffective assistance of counsel. The Antiterrorism and Effective Death Penalty Act of 1996 precludes a federal court from granting habeas relief on a claim adjudicated on the merits in state courts unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Having carefully reviewed Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1], the brief in support of Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 22], Respondent's

2

Response to Petition for Writ of Habeas Corpus [Doc. No. 24], Petitioner's reply [Doc. No. 28], the Report and Recommendation [Doc. No. 29], and Petitioner's objections [Doc. No. 31] de novo, and in light of the deferential standard set forth above, the Court agrees that Petitioner's Petition for Writ of Habeas Corpus should be denied. The district court's and the OCCA's determinations regarding the knowing and voluntary nature of Petitioner's plea, as well as the OCCA's determination that Petitioner's counsel was not ineffective, are not contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor are they based upon an unreasonable determination of the facts, considering the evidence presented in the state court proceedings.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 29] and DENIES the Petition for Writ of Habeas Corpus [Doc. No. 1]. A certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 15th day of July, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE